UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAHIR NASERI,<br><br>   Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>   Defendant. | Case No. 24-cv-05413-TSH<br><br>**ORDER DENYING: MOTION TO REMAND**<br><br>Re: Dkt. Nos. 7 |

## I. INTRODUCTION

Pending before the Court is Plaintiff Zahir Naseri's Motion to Remand this action to state court. ECF No. 7. Defendant filed an Opposition to Plaintiff's Motion to Remand (ECF No. 22). Plaintiff did not file a Reply. The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 3, 2024 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** the Motion to Remand.[1]

## II. BACKGROUND

Plaintiff Zahir Naseri filed this action against Defendant City and County of San Francisco in Superior Court for the City and County of San Francisco on July 15, 2024, alleging violations of Title VII of the Civil Rights Act of 1964 and violation of Article 1, Section 13 of the California State Constitution. Compl. ¶¶ 9–12, ECF No. 1 at 7–8. Defendant was properly served on July 19, 2024. Mot. at 1, Def.'s Opp'n at 1.

On August 19, 2024, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 1 (Notice of Removal).

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 10, 15.

### III. LEGAL STANDARD

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). A plaintiff may move to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c).

To remove a case to federal court, the defendant shall file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). If the last day of the 30-day period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

### IV. DISCUSSION

**A. Motion to Remand**

As a preliminary matter, the Court has federal question jurisdiction in this action. 28 U.S.C. § 1331; *see* Compl. ¶¶ 9–11 (alleging federal civil rights violations). Plaintiff does not maintain that the Court lacks original jurisdiction in this action. *See generally* Mot. Rather, Plaintiff contends that Defendant's notice of removal was untimely. Mot. at 1–2. The parties agree Defendant was properly served on July 19, 2024. Pl.'s Mot. at 1, Opp'n at 1. The thirtieth day following July 19, 2024 was August 18. However, because August 18, 2024 was a Sunday, Defendant had until Monday, August 19, to file its notice of removal. Defendant filed its notice of removal on August 19. ECF No. 1. Because this Court has original jurisdiction in this action and Defendant filed its notice of removal with the statutory period for removal of civil actions to federal court, removal was proper.[2]

---

[2] Plaintiff asserts he requested entry of default on August 19, 2024 with the Superior Court because Defendant missed its "30-day deadline to respond" following service of Plaintiff's state court complaint. Mot. at 1. Defendant acknowledges that Plaintiff filed a request for entry of default on August 19 and that the state court entered default that same day. Opp'n at 2 n.2.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: September 18, 2024

THOMAS S. HIXSON
United States Magistrate Judge

---

Defendant notes that the City has moved to set aside the entry of default. *Id.* "Under modern practice, the state court's jurisdiction is suspended from the moment of removal until the case is remanded to it by the federal court." *Laguna Vill., Inc. v. Laborers' Internat. Union of N. Am.*, 35 Cal. 3d 174, 180 (1983); *see also Yarnevic v. Brink's Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) ("A proper filing of a notice of removal immediately strips the state court of its jurisdiction."). Accordingly, the Superior Court's jurisdiction over this action was suspended on August 19 when Defendant filed its notice of removal, and the entry of default in the state court has no bearing on federal jurisdiction.

3