UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAHIR NASERI,<br><br>  Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Defendant. | Case No. 24-cv-05413-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

## I. INTRODUCTION

Pending before the Court is Defendant City and County of San Francisco's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 27. Plaintiff Zahir Naseri filed an Opposition (ECF No. 28) and Defendant filed a Reply (ECF No. 29). The Court finds this matter suitable for disposition without oral argument and **VACATES** the November 14, 2024 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II. BACKGROUND

Plaintiff Zahir Naseri alleges that Defendant City and County of San Francisco ("Defendant" or "the City") discriminated against Plaintiff, retaliated against him, engaged in disparate treatment, deprived Plaintiff of work and harassed Plaintiff on the basis of his race, color, religion and national origin and because of his protected activity. Amended Complaint ¶ 1, ECF No. 23.

Mr. Naseri has worked as an Uber and Lyft driver in the San Francisco Bay Area for

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 10, 15.

almost nine years, including at the San Francisco International Airport ("SFO").  *Id.* ¶ 11.  Mr. Naseri alleges that on June 24, 2023, he was driving for Uber and had an Uber ride to drop off at SFO.  *Id.* ¶ 7.  Mr. Naseri's Uber driving application displayed a lavender placard.  *Id.*  Mr. Naseri's Lyft driving application was turned off but had a red placard.  *Id.*  SFO staff informed Mr. Naseri that the red Lyft placard was not in compliance with airport policy, and that a purple placard was required.  *Id.*

Mr. Naseri alleges that on the morning of June 23, 2024, Defendant called Mr. Naseri a "Middle Eastern driver" because of Mr. Naseri's race, color, religion and national origin.  *Id.* ¶ 8.  Mr. Naseri alleges that he stood up for his rights and was then harassed by SFO staff member Robert Aganon.  *Id.* ¶ 8.  Mr. Aganon ordered Mr. Naseri to exit his car and told him he was under arrest.  *Id.* ¶ 8.  SFO staff informed Mr. Naseri that they would contact Lyft and have him removed from the platform and that Mr. Naseri would never be able to work at the SFO again.  *Id.* ¶ 9.  On June 24, 2024, an SFO staff member contacted Uber and Lyft to have Mr. Naseri and his vehicle permanently removed from SFO.  *Id.* ¶ 9 & Ex. B to Am. Compl.

Mr. Naseri alleges he received disparate treatment by being permanently banned from providing SFO airport rides as a driver for Uber and Lyft.  *Id.* ¶ 10.  Mr. Naseri alleges that "others in similar situations received only warnings or citations from [SFO] per the airport policy."  *Id.* ¶ 10.  Mr. Naseri alleges that in his nine years as a driver for Uber and Lyft, he has never received a single citation from any airports or from the police.  *Id.* ¶ 11.

Mr. Naseri filed this action against Defendant City and County of San Francisco in Superior Court for the City and County of San Francisco on July 15, 2024, alleging violations of Title VII of the Civil Rights Act of 1964 and violation of Article 1, Section 13 of the California State Constitution.  Compl. ¶¶ 9–12, ECF No. 1 at 7–8.  Defendant was properly served on July 19, 2024.  ECF No. 1 (Notice of Removal).  On August 19, 2024, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  *Id*.

Defendant filed a motion to dismiss on August 26, 2024.  ECF No. 11.  On September 9, 2024, Mr. Naseri filed an amended complaint, which is now the operative complaint in this action.  ECF No. 23.  In his amended complaint, Mr. Naseri alleges violations of Title VII of the Civil

1  Rights Act of 1964; Article I, Section 13 of the California Constitution; the Fair Labor Standards
2  Act; 42 U.S.C. § 12203, California Fair Employment and Housing Act ("FEHA"), and California
3  Unruh Civil Rights Act. *See* Am. Compl. ¶¶ 12–20. Mr. Naseri seeks, *inter alia*, compensatory
4  and punitive damages, monetary remuneration for pain and suffering, and that he be reinstated as a
5  driver at SFO. *Id.* ¶¶ 21–26.

On September 23, 2023, Defendant filed a motion to dismiss Plaintiff's Amended Complaint. ECF No. 27. On September 27, Mr. Naseri filed an Opposition (ECF No. 28) and on October 15, Defendant filed a Reply (ECF No. 29).

### III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly

United States District Court
Northern District of California

be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.  DISCUSSION

### A.  Request for Judicial Notice

Defendant asks the Court to take judicial notice of two records:

> 1. Plaintiff Zahir Naseri's Government Claim, submitted to the City on July 28, 2023, and which the City received on August 16, 2023.
>
> 2. The City's Notice of Action Upon Claim denying Plaintiff's Government Claim, dated August 22, 2023.

ECF Nos. 27-4 (request for judicial notice); 27-1 (declaration of Edmund T. Wang); 27-2 and 27-3 (Exs. A and B to Wang Decl). The City's Notice of Action Upon Claim includes a proof of service by mail dated August 22, 2023. ECF No. 27-3 at 3. Mr. Naseri has not objected to the request for judicial notice. *See generally* Opp'n.

Federal Rule of Evidence 201 allows the Court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b)(2). Courts may consider "matters of public record" in deciding a motion to dismiss. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042 (9th Cir. 2015) (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

The Court takes judicial notice of Mr. Naseri's July 28, 2023 claim against the City because it is a matter of public record that is not subject to reasonable dispute. The Court takes judicial notice of the City's August 22, 2023, Notice of Action Upon Claim. *See Roy v. Contra Costa Cnty.*, No. 15-cv-02672-TEH, 2015 WL 5698743, at *2 n.6 (N.D. Cal. Sept. 29, 2015) (taking judicial notice of plaintiff's Government Claim and city defendants' notice rejecting claim).

4

**B.     Title VII Claims (Claims 1, 2, 3, and 9 of Amended Complaint)**

Mr. Naseri brings four claims against the City for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII").  Mr. Naseri claims that the City violated Title VII "by calling [him] a 'Middle Eastern Driver' because of his race, color, religion, and national origin[;]" "by retaliating against [Mr. Naseri] by permanently removing [him] from Lyft and Uber from all airports because of [his] protected activity[;]" "by harassing [Mr. Naseri] due to his protected activity and [his] challenging the false and wrong SFO placard policy[;]" and through disparate treatment of Mr. Naseri.  Amended Compl. ¶¶ 12–14, 20.

Title VII forbids discrimination by employers based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.  "Title VII prohibits discrimination *by employers* but does not generally impose liability for the conduct of non-employers." *Malloy v. Regents of Univ. of California*, No. 19-cv-07995-TSH, 2020 WL 789821, *6 (N.D. Cal. Feb. 18, 2020). *See* 42 U.S.C. § 2000e-2(a) & (b) (defining "unlawful employment practices" by a plaintiff's employer or employment agency).

Mr. Naseri does not allege that he was employed by the City and County of San Francisco. *See generally* Amended Compl.  Instead, Mr. Naseri indicates he was a driver for Uber and Lyft.  Amended Compl. ¶ 11.  Because the City was not Mr. Naseri's employer, he cannot bring a Title VII claim against it.  *See, e.g.*, *Taylor v. San Francisco Sheriff's Dep't*, No. 23-cv-04121-DMR, 2024 WL 2808650, *7, *13–14 (N.D. Cal. May 31, 2024) (dismissing Title VII claims against Superior Court and City and County of San Francisco where plaintiff did not allege she was employed by either defendant); *Carr v. United States*, No. 20-cv-00744-WHO, 2020 WL 4584193, *2 (N.D. Cal. Aug. 10, 2020) (finding Title VII was inapplicable to claim brought against IRS by plaintiff who was not an IRS employee).

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Title VII claims.  Because amendment would be futile, the Court **DENIES** leave to amend the Title VII claims.

**C.     Fair Labor Standards Act (Claim 5)**

Mr. Naseri alleges the City violated the Fair Labor Standards Act "by cutting off the

1    plaintiff's right to work at the government control area." Amended Compl. ¶ 16.  The Fair Labor

2    Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. establishes standards for conditions of

3    employment and allows employees to bring claims against their employers for violating certain

4    provisions of the statute.  *See* 29 U.S.C. §§ 202, 216.

5           Like Title VII, FLSA is a federal employment statute that requires there to be an

6    employment relationship between the plaintiff and defendant.  *Bonnette v. Cal. Health & Welfare*

7    *Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (requiring defendant to be an employer of the

8    plaintiff to be liable under the FLSA).  "[A]n individual who, 'without any express or implied

9    compensation agreement, might work for their own advantage on the premises of another[,]' falls

10   outside the FLSA definition of employee."  *Dawson v. Nat'l Collegiate Athletic Assoc.*, 932 F.3d

11   905, 909 (9th Cir. 2019) (quoting *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 300

12   (1985)).

13          Mr. Naseri was not employed by the City and County of San Francisco, but was a driver

14   for Uber and Lyft, including at SFO.  Amended Compl. ¶ 11.  Because it is undisputed that Mr.

15   Naseri was not employed by the City and County of San Francisco, his FLSA claim against the

16   City must be dismissed with prejudice.  *See Dawson*, 932 F.3d at 911 (affirming dismissal of

17   FLSA claims against NCAA and Pac-12 athletic conference because defendants were not

18   employers of student-athlete plaintiff).

19          Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's FLSA claim.

20   Because amendment would be futile, the Court **DENIES** leave to amend the FLSA claim.

21   **D.**    **Americans with Disabilities Act Claim – 42 U.S.C. § 12203 (Claim 6)**

22          Mr. Naseri alleges the City violated his rights under 42 U.S.C. § 12203 to oppose

23   Defendant's "wrong and false statement about the SFO placard policy[.]"  Am. Compl. ¶ 17.  Mr.

24   Naseri alleges that Mr. Aganon provided him with false information regarding SFO policy by

25   stating that the correct Lyft placard color was "purple" when it was actually lavender.  *Id.* ¶ 10.

26   Mr. Naseri alleges that he "faced coercion, intimidation, and threat while [he] stood up for his

27   rights and tape recording."  *Id.* ¶ 17.

28          42 U.S.C. § 12203 is part of the Americans with Disabilities Act of 1990 ("ADA"), 42

United States District Court
Northern District of California

1    U.S.C. §§ 12101 et seq., which prohibits, *inter alia*, discrimination on the basis of disability as

2    defined under the ADA.  *See* 42 U.S.C. §§ 12112, 12132, 12182.  42 U.S.C. § 12203 prohibits

3    discriminatory retaliation for engaging in activities protected by the ADA and makes it "unlawful

4    to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or

5    on account of his or her having exercised or enjoyed, or on account of his or her having aided or

6    encouraged any other individual in the exercise or enjoyment of, any right granted or protected by

7    [the ADA]."  42 U.S.C. § 12203(a), (b).  To state a claim for retaliation under the ADA, "an

8    employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse

9    employment action; and (3) there was a causal link between the two."  *Pardi v. Kaiser Found.*

10   *Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).  "Protected activities are those statutorily protected

11   under the ADA, including opposing or complaining about discrimination based on disability."

12   *Frakes v. Peoria School Dist. No. 150*, 872 F.3d 545, 551 (7th Cir. 2017).

13        Mr. Naseri alleges that he faced coercion, intimidation and threat on June 24, 2023for

14   standing up for his rights.  *See* Am. Compl. ¶¶ 8, 9, 17.  However, Mr. Naseri does not allege that

15   he was attempting to exercise any right *protected by the ADA*, as is required to state a claim under

16   42 U.S.C. § 12203.  Rather, Mr. Naseri alleges that he was exercising "his rights . . . to oppose

17   Defendant's 'wrong and false statement about the SFO placard policy[.]'"  Am. Compl. ¶ 17.  42.

18   U.S.C. § 12203 is a disability discrimination law and does not confer any such right.  Mr. Naseri

19   does not allege any conduct relating to a disability as defined under the ADA, nor does he allege

20   any other purportedly protected activity.  *See generally* Am. Compl.  Because Mr. Naseri does not

21   allege any protected activity under the ADA, his claim under 42 U.S.C. § 12203 must be

22   dismissed.  *See Linne v. Alameda Health Sys.*, No. 22-cv-04981-RS, 2023 WL 375687, at *3

23   (N.D. Cal. Jan. 24, 2023) (dismissing claim for retaliation under 42 U.S.C. § 12203(a) where

24   plaintiff "ha[d] not described a situation concerning a disability as defined under the ADA, much

25   less shown an ADA violation.").  Because the alleged rights Mr. Naseri purports to be asserting

26   are not disability-related, the Court finds amendment of this claim would be futile.

27        Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's ADA claim.

28   Because amendment would be futile, the Court **DENIES** leave to amend the ADA claim.

**E.     State Law Claims – Government Claims Act (Claims 4, 7 and 8)**

Plaintiff's Amended Complaint includes three claims under California state law. Plaintiff alleges violation of Article I, Section 13 of the California Constitution (Claim 4), the Fair Employment and Housing Act (Claim 7), and Unruh Civil Rights Act (Claim 8). Amended Compl. ¶¶ 15, 18, 19. Defendant contends Plaintiff's state law claims are time barred because Plaintiff failed to file suit within six months of the City mailing its denial of his Government Claim. Mot. at 5–7.

The California Government Claims Act, Cal. Gov't Code § 810 et seq., "is a comprehensive statutory scheme that sets forth the liabilities and immunities of public entities and public employees for torts." *Cordova v. City of Los Angeles*, 61 Cal. 4th 1099, 1104–05 (2015) (quotation marks omitted). The Government Claims Act requires plaintiffs to present "'all claims for money or damages against local public entities' . . . to the responsible public entity before a lawsuit is filed." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 734 (2007) (quoting Cal. Gov't Code § 905). A plaintiff seeks "money or damages" when actual damages are the primary relief the plaintiff seeks. *Lozada v. City & Cnty. of San Francisco*, 145 Cal. App. 4th 1139, 1163–64 (2006); *see also Williams v. City of Antioch*, No. 08-cv-02301-SBA, 2010 WL 3632199, at *5 (N.D. Cal. Sept. 2, 2010). A plaintiff must file a lawsuit "not later than six months after the date [the notice of rejection] is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6(a)(1). A plaintiff's complaint must "allege facts demonstrating or excusing compliance with this claim presentation requirement[.]" *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1237 (2004). *See also Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (requiring plaintiff to "allege compliance or circumstances excusing compliance" with the California Tort Claims Act).

The Government Claims Act applies to claims for money damages for violations of the California Constitution except where there is a "conflict between the constitutional provisions and the Government Claims Act immunity provisions." *Krolikowski v. San Diego City Employees' Ret. Sys.*, 24 Cal. App. 5th 537, 553 (Cal. Ct. App. 2018); *see also* Cal. Gov't Code § 815, Legislative Comm. Comments (providing that the Government Claims Act "abolishes all common

8

law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution").

Mr. Naseri seeks $320,000 in compensatory damages, $750,000 in pain and suffering, punitive damages of $650,000, and that he be reinstated as a driver at SFO. Am. Compl. ¶¶ 21–24. There is no conflict between the Government Claims Act and Article I, Section 13 of the California Constitution, under which Mr. Naseri brings his lone state constitutional claim. Cal. Const. Art. 1, § 13. Mr. Naseri must therefore allege facts in his complaint demonstrating or excusing compliance with the Government Claims Act. Plaintiff's Amended Complaint does not state that he filed a Government Claim with the City or when he filed that claim. Nor does Plaintiff's Amended Complaint state that his claim was denied and on what date. Because Plaintiff's FAC fails to allege compliance or circumstances excusing compliance with the Government Claims Act, his state law claims against the City must be dismissed.

The Court finds amendment of Plaintiff's state law claims is futile because Plaintiff failed to bring his claims within six months of the date the City provided notice of rejection of his claims. The City mailed a notice rejecting Mr. Naseri's July 28 claim on August 22, 2023. ECF No. 27-3. Mr. Naseri filed his original complaint in Superior Court for the City and County of San Francisco over ten months later, on July 15, 2024. ECF No. 1. Mr. Naseri does not dispute that he failed to bring his state claims within six months of the rejection's deposit in the mail. *See generally* Opp'n. Instead, Mr. Naseri contends he had two years to bring his claims because he did not receive the City's rejection letter. Opp'n at 5; *see* Cal. Gov't Code § 945.6(a)(2) (requiring plaintiff to file suit "within two years from the accrual of the cause of action" when "written notice is not given"). However, the six month period to bring a claim begins running when the notice is deposited in the mail, not when the plaintiff receives actual notice. Cal. Gov't Code § 945.6(a)(1).

F.     **Leave to Amend**

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). In his opposition, Plaintiff argues that if his "exact claims are not directly covered,

9

they are analogous laws to other legal claims that courts have ruled on," Opp'n at 2. Plaintiff says that he "seeks any State and Federal Statutes that directly, analogously, and broadly apply . . ." *Id*. at 4. This appears to be an argument that even if Plaintiff's current legal claims are not viable, there may be other claims he could assert that would be viable. Accordingly, although the Court denies Plaintiff leave to amend his Title VII, FLSA and ADA claims, as well as his state law claims under Article I, Section 13 of the California Constitution, the FEHA, and Unruh Civil Rights Act, the Court grants leave to amend to assert other claims.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's amended complaint. The Court **DISMISSES** Plaintiff's existing claims **WITHOUT LEAVE TO AMEND**, and **GRANTS** Plaintiff leave to amend to assert other legal claims. If Plaintiff chooses to file a Second Amended Complaint, he must do so by December 13, 2024.

**IT IS SO ORDERED.**

Dated: November 13, 2024

THOMAS S. HIXSON
United States Magistrate Judge